Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. **C-4795-15-H**

| | | |
|---|---|---|
| CIRO ALDAPE D/B/A | § | IN THE DISTRICT COURT |
| CIRO'S RESTAURANT | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRIC |
| | § | |
| | § | |
| UNITED FIRE AND CASUALTY | § | |
| COMPANY AND | § | |
| RED LEAF ROOFING | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff CIRO ALDAPE D/B/A CIRO'S RESTAURANT, files this Original Petition against UNITED FIRE AND CASUALTY ("UNITED FIRE" or the "INSURANCE DEFENDANT"), and RED LEAF ROOFING ("RED LEAF" or "ADJUSTING COMPANY" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff's property is located in Hidalgo County, Texas.

# EXHIBIT C

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 2 of 14
C-4795-15-H

Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Defendant UNITED FIRE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;
- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;
- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and
- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent Joe Johnson, 2115 Winnie Street, Galveston, Texas 77550, or wherever else he may be found.

Defendant, RED ROOF, is an independent ADJUSTING COMPANY engaging in the business of insurance in the State of Texas. This defendant may be served with process, by serving its registered agent, Hector C. Garza, 205 West UPAS Avenue, McAllen, Texas 78501, or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 3 of 14

C-4795-15-H

Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## IV.
## FACTS

Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 1506 West Pike Boulevard, Weslaco, Texas 78596, (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTING COMPANY conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 4 of 14

C-4795-15-H

Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 5 of 14
C-4795-15-H
Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 6 of 14
C-4795-15-H
Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A. BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1. UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation,

6

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 7 of 14

C-4755-15-H

Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was

7

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 8 of 14
C-4795-15-H
Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTING COMPANY

**A.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, the ADJUSTING COMPANY, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTING COMPANY and it agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTING COMPANY has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

8

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 9 of 14
C-4795-15-H
Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to  who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTING COMPANY are attributed to the INSURANCE DEFENDANT.

ADJUSTING COMPANY inspected Plaintiff's property. During the inspection, ADJUSTING COMPANY was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTING COMPANY ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, RED ROOF, ignored covered damages including but not limited to the roof, exterior, fence and dining area. Subsequent to the inspection, ADJUSTING COMPANY did not prepare a repair estimate, but instead denied the covered damages entirely, thus demonstrating ADJUSTING COMPANY did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTING COMPANY failed and refused to properly adjust the claim. The ADJUSTING COMPANY failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 10 of 14
C-4795-15-H
Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

The Plaintiff provided information regarding the loss and the claim to the ADJUSTING COMPANY. The Plaintiff allowed the ADJUSTING COMPANY full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTING COMPANY to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTING COMPANY failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTING COMPANY'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTING COMPANY'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTING COMPANY, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## **KNOWLEDGE**

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 11 of 14
C-4795-15-H
Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 13 of 14
C-4795-15-H
Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $200,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory

Case 7:16-cv-00070 Document 1-3 Filed in TXSD on 02/15/16 Page 14 of 14
C-4795-15-H

Electronically Filed
9/22/2015 8:57:01 AM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:   (210) 490-7402
Facsimile:   (210) 490-8372

BY:   */s/ Robert A. Pollom*
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Mahsa Tajipour
State Bar No. 24050163
mahsa@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

14