**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| CIRO ALDAPE D/B/A | § | |
| CIRO'S RESTAURANT | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 7:16-cv-00070 |
| | § | |
| | § | |
| UNITED FIRE AND CASUALTY | § | |
| COMPANY | § | |

**PLAINTIFF'S  FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, CIRO ALDAPE D/BA/ CIRO'S RESTAURANT, files this First Amended Complaint against UNITED FIRE AND CASUALTY COMPANY ("UNITED FIRE" or the "INSURANCE DEFENDANT"), and in support thereof, would respectfully show as follows:

**I.**
**PARTIES AND SERVICE**

1.1    Plaintiff Resides in Hidalgo County, Texas.

1.2    Defendant UNITED FIRE AND CASUALTY COMPANY is in the business of insurance in the State of Texas.  The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

2

1.3    This defendant has been served and has filed an answer herein.

## II.
## JURISDICTION AND VENUE

2.1    Venue is appropriate in the Southern District of Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

2.2    Accordingly, venue is proper pursuant to the Southern District of Texas pursuant to 28 U.S.C. §1391(e)(2).

## III.
## FACTS

3.1    Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT and referred to as policy number 85310046.

3.2    Plaintiff owns the insured property, which is specifically located at 1506 West Pike Boulevard, Weslaco, Texas 78596 (hereinafter referred to as "the Property").

3.3    INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff, referred to as policy number 85310046.

3.4    On or around March 29, 2012, and during the terms of said Policy, Plaintiff sustained a covered loss in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

3.5    As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for

losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

3.6     To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

3.7     INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its' agent, ADJUSTING COMPANY, conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

3.8     Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy in a correspondence dated July 15, 2014, stating that during the INSURANCE DEFENDANT'S inspection on 06/27/2014, the inspection found no wind or hail damage present to the property, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

3.9     INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim for covered damages in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

3.10    INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage

denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

3.11   INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

3.12   Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

3.13   INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for her claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

3.14   From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full

payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

3.15    Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

3.16    Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## IV.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

4.1    INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.  Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1.    UNFAIR SETTLEMENT PRACTICES

4.2    INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

4.3    INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

6

4.4    INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

4.5    INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

4.6    Through the adjusting company hired to conduct the inspection of the Plaintiff's property, INSURANCE DEFENDANT violated the following code provisions in the following manner:

> 1.  Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).
>
> 2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- 

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

7

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

### 2.    THE PROMPT PAYMENT OF CLAIMS

4.7    INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

4.8    INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

4.9    INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

4.10    INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.  The INSURANCE DEFENDANT, through an adjusting company, failed to identify and pay Plaintiff for the damages to the roof, exterior, dining area and additional structures, clearly evident to the inspection conducted by Ranch Road Consulting.  To date, these covered damages have not been paid.

### C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

4.11    INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

4.12    INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably

investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VII.
## KNOWLEDGE

5.1     Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

6.1     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

6.2     As previously mentioned, the damages caused by the covered loss have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

6.3     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

6.4     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. Tex. Ins. Code §541.152.

6.5     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

6.6     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to

compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

6.7    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.
## CONCLUSION

7.1    In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANTS, Plaintiff would show that the clear and unambiguous language of the policy provides coverage for damage caused by loss made the basis of Plaintiff's claim, including the cost of access to fix the damages.

7.3    In the alternative, any other construction of the language of the policy is void as against public policy;

7.4    Any other construction and its use by the DEFENDANTS, violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

7.5    Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

7.6    Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

7.7    In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

7.8    In the alternative, DEFENDANT, are judicially, administratively, or equitably estopped

from denying Plaintiff's construction of the policy coverage at issue;

7.9    In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

# X.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT, ADJUSTING COMPANY AND ADJUSTER DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff has judgment against INSURANCE DEFENDANT, ADJUSTING COMPANY AND ADJUSTER DEFENDANT for an amount, deemed to be just and fair by the jury, which will be at least $200,000.00, but not ever over $1,000,000, exclusive of interest and costs; for costs of suit; for pre-judgment and post-judgment interest; and, for such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY:_ /s/ *Kevin S. Baker*_____
Kevin S. Baker
Federal Bar No. 306997
State Bar No. 00797799
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:     (210) 490-7402
Telefacsimile:  (210) 490-8372

OF COUNSEL:
KETTERMAN ROLAND & WESTLUND

ATTORNEY-IN-CHARGE FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Plaintiff's First Amended

Complaint has been served in compliance with the Federal Rules of Civil Procedure via electronic service on

the CM/ECF system which will automatically serve a Notice of Electronic Filing to:

    J. Chad Gauntt
    Texas Bar No. 07765990
    Chad.gauntt@gkbwklaw.com
    GAUNTT, KOEN, BINNEY,
    WOODALL & KIDD, L.L.P.
    1400 Woodloch Forest Drive, Suite 575
    The Woodlands, Texas 77380

    Attorneys for Defendant

on this the 7th  day of October 2016.


                                     */s/ Desiree Marrufo*
                                       Desiree Marrufo

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Motion to Withdraw

has been served in compliance with the Federal Rules of Civil Procedure via electronic service on the

CM/ECF system which will automatically serve a Notice of Electronic Filing to:

Les Pickett
Jake Kauffman
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile

on this the 7th day of October 2016.

_____/s/ *Kevin S. Baker*_____
*K*evin S. Baker

13